UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LANSUPPE FEEDER, LLC,

        Plaintiff,

vs.

WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Soloso CDO 2005-1 Ltd.,

        Defendant,

and

SOLOSO CDO 2005-1 LTD,

        Nominal Defendant.

Case No. 1:15-cv-07034 (LTS)

---

### LANSUPPE FEEDER, LLC'S RULE 56.1(a) STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

---

Jonathan E. Pickhardt
Andrew S. Corkhill
Blair A. Adams
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff*
*Lansuppe Feeder, LLC*

Pursuant to Local Civil Rule 56.1(a) of this Court, Plaintiff Lansuppe Feeder, LLC ("Lansuppe") respectfully submits this Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried in support of Lansuppe's Motion for Summary Judgment made by Order to Show Cause, dated September 10, 2015.[1]

**The Indenture**

1. Soloso CDO 2005-1 Ltd. ("Soloso", the "Soloso CDO" or the "Issuer") issued Notes pursuant to the Indenture, dated as of August 24, 2005 (the "Indenture"), among Soloso, as Issuer, Soloso CDO 2005-1 Corp., as Co-Issuer, and Wells Fargo Bank, National Association (the "Trustee"), as Trustee and Securities Intermediary. (Indenture 1 (Lansuppe Dec. Ex. A)).[2]

**Lansuppe's Status As The Requisite Noteholders**

2. Plaintiff Lansuppe is, and has been at all times between July 31, 2015 and the date of this Statement of Material Facts, the beneficial owner of 66.89% of the outstanding principal balance of the Class A-1 Notes. (Lansuppe Dec. ¶ 3-4).

3. As the beneficial owners of 66.89% of the outstanding principal balance of the Class A-1 Notes, Lansuppe constitutes the Requisite Noteholders under the Indenture. (Indenture § 1.1, at 25 (Lansuppe Dec. Ex. A)).

---

[1] The following abbreviations are used throughout this Statement:
- "Lansuppe Dec." refers to the September 11, 2015 Declaration of a Representative of Lansuppe Feeder, LLC in support of Lansuppe's Motion for Summary Judgment.
- "Lansuppe Dec. Ex. [ ]" refers to an exhibit to the September 11, 2015 Declaration of a Representative of Lansuppe Feeder, LLC in support of Lansuppe's Motion for Summary Judgment.

[2] Capitalized terms used but not defined herein have the meaning given to them in the Indenture.

**The Failure To Pay Event Of Default**

4.     On April 15, 2013, there was a default in the payment of the Periodic Interest Amount due on the Soloso Class A-1 Notes which continued for a period of four Business Days, which resulted in an Event of Default under Section 5.1(a)(iii)(A) of the Indenture.  (April 24, 2013 Notice of Event of Default (Lansuppe Dec. Ex. B)).

**Acceleration Following The Failure To Pay Event Of Default**

5.     On or about June 7, 2013, while the Event of Default under Section 5.1(a)(iii)(A) was continuing, the Trustee declared the Aggregate Principal Amount of the Notes to be immediately due and payable pursuant to Section 5.2(a) of the Indenture.  (June 7, 2013 Notice of Acceleration of Maturity (Lansuppe Dec. Ex. C)).

**Liquidation Of The Trust Estate**

6.     On July 31, 2015, Lansuppe, constituting the Requisite Noteholders, directed the Trustee to liquidate the Trust Estate pursuant to Section 5.4 of the Indenture.  (Lansuppe Dec. ¶ 8)).  On or about August 11, 2015, the Trustee delivered a notice informing the Noteholders that it would liquidate the Trust Estate at the direction of the Requisite Noteholders.  (August 11, 2015 Notice of Liquidation Direction and Suspension of Payments (Lansuppe Dec. Ex. D)).

**Objections Raised By Junior Noteholders**

7.     The Trustee informed Lansuppe that certain junior Noteholders in the Soloso CDO (the "Disputing Noteholders") have taken the position that the Trustee is not permitted to liquidate the Trust Estate at the direction of the Requisite Noteholders.  (Lansuppe Dec. ¶ 10).

8.     The Disputing Noteholders filed an action (the "Mississippi Action") against the Trustee in the Federal District Court for the Northern District of Mississippi, captioned *Oxford University Bank et al. v. Wells Fargo Bank, National Association, as Trustee for Soloso CDO*

*2005-1, Ltd.* (Case No. 3:15-cv-00145).  (Complaint for Declaratory Judgment and for Injunctive and Other Relief) (Lansuppe Dec. Ex. E)).  Lansuppe is not a party to the Mississippi Action. (Lansuppe Dec. ¶ 12).

9. The Disputing Noteholders have alleged that certain Notes issued by Soloso were sold in 2005 to a purchaser, Bank of Morton, that was not a "Qualified Purchaser" within the meaning of Section 3(c)(7) of the Investment Company Act of 1940.  (Complaint for Declaratory Judgment and for Injunctive and Other Relief ¶ 24, at 5) (Lansuppe Dec. Ex. E)).

10. As a result of this sale, the Disputing Noteholders have alleged that the Co-Issuers or the Trust Estate were required to register as an "investment company" under the Investment Company Act, which gave rise to an Event of Default under Section 5.1(e) of the Indenture in 2005 (the "Alleged 2005 Event of Default").  (Complaint for Declaratory Judgment and for Injunctive and Other Relief ¶ 34, at 8) (Lansuppe Dec. Ex. E)).

11. The Disputing Noteholders have further alleged that because of the occurrence of the Alleged 2005 Event of Default, any liquidation of the Trust Estate must be directed by 100% of the Noteholders.  (Complaint for Declaratory Judgment and for Injunctive and Other Relief ¶ 35, at 8) (Lansuppe Dec. Ex. E)).

12. The Trustee has informed Lansuppe that in light of the position taken by the Disputing Noteholders, the Trustee wishes to receive a binding judicial determination of its obligations under the Indenture before proceeding with the liquidation as directed by the Requisite Noteholders.  (Declaration of Jonathan E. Pickhardt in Support of Lansuppe's Motion for Summary Judgment dated September 11, 2015 ¶ 4).

**Waiver Of Alleged 2005 Event Of Default**

13.     Lansuppe does not concede that the Alleged 2005 Event of Default occurred. (Lansuppe Dec. ¶ 14).

14.     Nevertheless, Lansuppe has exercised its right under Section 5.15 of the Indenture to waive the Alleged 2005 Event of Default and its consequences, to the extent such an Event of Default did occur.  (Sept. 7, 2015 Letter from Lansuppe to relevant parties) (Lansuppe Dec. Ex. F)).

DATED:   New York, New York
         September 11, 2015

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____
   Jonathan E. Pickhardt
   *jonpickhardt@quinnemanuel.com*
   Andrew S. Corkhill
   *andrewcorkhill@quinnemanuel.com*
   Blair A. Adams
   *blairadams@quinnemanuel.com*

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff*
*Lansuppe Feeder, LLC*