UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANSUPPE FEEDER, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Soloso CDO 2005-1 Ltd.,<br><br>        Defendant,<br><br>and<br><br>SOLOSO CDO 2005-1 LTD.,<br><br>        Nominal Defendant,<br><br>and<br><br>OXFORD UNIVERSITY BANK; CITIZENS BANK & TRUST COMPANY; COASTAL COMMERCE BANK; GUARANTY BANK AND TRUST COMPANY; BANKFIRST FINANCIAL SERVICES as Successor-in-Interest to Newton County Bank; THE FIRST, A NATIONAL BANKING ASSOCIATION; COPIAH BANK, NATIONAL ASSOCIATION; and PRIORITYONE BANK<br><br>        Interested Third-Parties. | Case No. 1:15-cv-07034 (LTS) (KNF) |

**INTERVENING BANKS' RULE 56.1(b) RESPONSE TO LANSUPPE FEEDER, LLC'S RULE 56.1(a) STATEMENT OF MATERIAL FACTS**

Pursuant to Local Civil Rule 56.1(b) of this Court, Oxford University Bank; Citizens Bank & Trust Company; Coastal Commerce Bank; Guaranty Bank and Trust Company; BankFirst Financial Services as Successor-in-Interest to Newton County Bank; The First, A National Banking Association; Copiah Bank, National Association; and PriorityOne Bank (the

{N3104758.1}

"Intervenors") submit this statement responding to each numbered paragraph in Plaintiff Lansuppe Feeder's Rule 56.1(a) Statement of Material Facts:

**The Indenture**

1.  Soloso CDO 2005-1 Ltd. ("Soloso", the "Soloso CDO" or the "Issuer") issued Notes pursuant to the Indenture, dated as of August 24, 2005 (the "Indenture"), among Soloso, as Issuer, Soloso CDO 2005-1 Corp., as Co-Issuer, and Wells Fargo Bank, National Association (the "Trustee"), as Trustee and Securities Intermediary.

*Response*:   The Intervenors do not contest the facts contained in this paragraph.

**Lansuppe's Status as The Requisite Noteholders**

2.  Plaintiff Lansuppe is, and has been at all times between July 31, 2015 and the date of this Statement of Material Facts, the beneficial owner of 66.89% of the outstanding principal balance of the Class A-1 Notes.

*Response*:   The Intervenors do not contest the facts contained in this Paragraph.

3.  As the beneficial owners of 66.89% of the outstanding principal balance of the Class A-1 Notes, Lansuppe constitutes the Requisite Noteholders under the Indenture.

*Response:*   The Intervenors contest that Lansuppe constitutes the Requisite Noteholders under the Indenture.  The Indenture defines "Noteholder" as "The Person in whose name a Note or a Class P1 Combination Note is registered in the Note Register or with respect to the Class P1 Preferred Share Component of the Class P1 Combination Notes, the Share Registar."  Docket 8-1, Declaration of Representative of Lansuppe Feeder, LLC, Exhibit A, Indenture, § 1.1.  The Person whose name the Notes are registered in is Cede & Co.  Declaration of Mark Folse, ¶ 11, Exhibit "B."  Indeed, Lansuppe's assertion that it is a beneficial holder of 66.89% of the Class A-1 Notes is on its face inconsistent with its assertion that it is a "Requisite

Noteholder" under the Indenture. The Intervenors do not contest the remaining facts in this Paragraph.

**The Failure to Pay Event of Default**

4.   On April 15, 2013, there was a default in the payment of the Periodic Interest Amount due on the Soloso Class A-1 Notes which continued for a period of four Business Days, which resulted in an Event of Default under Section 5.1(a)(iii)(A) of the Indenture.

*Response:*   The Intervenors do not contest the facts contained in this Paragraph.

**Acceleration Following The Failure To Pay Event Of Default**

5.   On or about June 7, 2013, while the Event of Default under Section 5.1(a)(iii)(A) was continuing, the Trustee declared the Aggregate Principal Amount of the Notes to be immediately due and payable pursuant to Section 5.2(a) of the Indenture.

*Response:*   The Intervenors do not contest the facts contained in this Paragraph.

**Liquidation Of The Trust Estate**

6.   On July 31, 2015, Lansuppe, constituting the Requisite Noteholders, directed the Trustee to liquidate the Trust Estate pursuant to Section 5.4 of the Indenture.  On or about August 11, 2015, the Trustee delivered a notice informing the Noteholders that it would liquidate the Trust Estate at the direction of the Requisite Noteholders.

*Response:*   The Intervenors contest that Lansuppe constitutes the Requisite Noteholders, given that the Indenture defines "Noteholder" as "The Person in whose name a Note or a Class P1 Combination Note is registered in the Note Register or with respect to the Class P1 Preferred Share Component of the Class P1 Combination Notes, the Share Registar." Docket 8-1, Declaration of Representative of Lansuppe Feeder, LLC, Exhibit A, Indenture, § 1.1. The Person whose name the Notes are registered in is Cede & Co.  Declaration of Mark Folse, ¶

11, Exhibit "B."  The Intervenors do not contest that Lansuppe directed the Trustee to liquidate the Trust Estate.

**Objections Raised By Junior Noteholders**

7.      The Trustee informed Lansuppe that certain junior Noteholders in the Soloso CDO (the "Disputing Noteholders") have taken the position that the Trustee is not permitted to liquidate the Trust Estate at the direction of the Requisite Noteholders.

*Response:*     The Intervenors do not contest the facts contained in this Paragraph.

8.      The Disputing Noteholders filed an action (the "Mississippi Action") against the Trustee in the Federal District Court for the Northern District of Mississippi, captioned *Oxford University Bank et al. v. Wells Fargo Bank, National Association, as Trustee for Soloso CDO 2005-1, Ltd.*  Lansuppe is not a party to the Mississippi Action.

*Response:*     The Intervenors do not contest the facts contained in this Paragraph.

9.      The Disputing Noteholders have alleged that certain Notes issued by Soloso were sold in 2005 to a purchaser, Bank of Morton, that was not a "Qualified Purchaser" within the meaning of Section 3(c)(7) of the Investment Company Act of 1940.

*Response:*     The Intervenors do not contest the facts contained in this Paragraph.

10.     As a result of this sale, the Disputing Noteholders have alleged that the Co-Issuers or the Trust Estate were required to register as an "investment company" under the Investment Company Act, which gave rise to an Event of Default under Section 5.1(e) of the Indenture in 2005 (the "Alleged 2005 Event of Default").

*Response:*     The Intervenors do not contest the facts contained in this Paragraph.

11. The Disputing Noteholders have further alleged that because of the occurrence of the Alleged 2005 Event of Default, any liquidation of the Trust Estate must be directed by 100% of the Noteholders.

*Response:* The Intervenors do not contest that this is what they have alleged in the Mississippi Action.

12. The Trustee has informed Lansuppe that in light of the position taken by the Disputing Noteholders, the Trustee wishes to receive a binding judicial determination of its obligations under the Indenture before proceeding with the liquidation as directed by the Requisite Noteholders.

*Response:* The Intervenors do not contest the facts contained in this Paragraph.

13. Lansuppe does not concede that the Alleged 2005 Event of Default occurred.

*Response:* The Intervenors do not contest that Lansuppe has not conceded that the 2005 Event of Default occurred. But Lansuppe has no admissible evidence to deny that the 2005 Event of Default occurred. The Court should consider the fact that an Event of Default occurred in 2005 material and uncontested.

14. Nevertheless, Lansuppe has exercised its right under Section 5.15 of the Indenture to waive the Alleged 2005 Event of Default and its consequences, to the extent such an Event of Default did occur.

*Response:* The Intervenors do not contest that Lansuppe has purported to waive the Alleged 2005 Event of Default under Section 5.15 of the Indenture; however, the Intervenors contest that Section 5.15 is a legally enforceable provision of the Indenture with respect to an Event of Default constituting a violation of the Investment Company Act of 1940 (the "ICA"),

given that the ICA expressly prohibits such waivers and renders any attempts to do so void. *See Brown v. Bullock*, 194 F. Supp. 207 (S.D.N.Y 1961).

**Short, Concise Statement of Additional Material Facts**

15.     The Mississippi Action involves the same issues as does this action.  Docket 8-1, Declaration of Representative of Lansuppe Feeder, LLC, Exhibit "E."

16.     The Mississippi Action was filed and served before this action was initiated. Exhibit "A," Return of Service filed in Mississippi Action.

17.     The Trustee has taken a position adverse to the Intervenors with regard to the claims at issue in this action and in the Mississippi Action.  Declaration of Mark Folse, ¶ 16, Exhibit "E."

18.     The Intervenors are not domiciled in New York, were not served with process in New York, and have no branches or offices in New York.  The Intervenors have no contractual relationship with a New York corporation and do not own, use, or possess any real property in the state.  Declaration of William L. Freeman, ¶ 3; Declaration of Jake Bellipanni, ¶ 3; Declaration of Donna Lowery, ¶ 3; Declaration of George Marx, ¶ 3; Declaration of Robert Barnes, ¶ 3; Declaration of David Guyton, ¶ 3; Declaration of Mark Folse, ¶ 3; Declaration of Frank Sibley, ¶ 3.

19.     Lansuppe waited over two years after the non-payment Event of Default occurred to direct the Trustee to liquidate the Trust Estate.  Docket 8-1, Declaration of Representative of Lansuppe Feeder, LLC, Exhibits "B" and "D."

22.     In 2005, Desoto County Bank, First State Bank, Holmes County Bank and Trust Company, Bank of Morton, Bank of Kilmichael and Commercial Bank (Dekalb) purchased Soloso CDO 2005-1 Notes.  Declaration of Sam McClatchy, ¶ 4; Declaration of Holt Smith, ¶ 4;

Declaration of Tito Echiburu, ¶ 4; Declaration of Michael Dudley, ¶ 4; Declaration of Alan H. Walters, ¶ 4; Declaration of Buddy Mortimer, ¶ 6.

23. Desoto County Bank, First State Bank, Holmes County Bank and Trust Company, Bank of Morton, Bank of Kilmichael and Commercial Bank (Dekalb) were all Non-Qualified Purchasers under the Investment Company Act of 1940 ("ICA"), meaning those banks at the time of the purchase of the Notes were companies with less than $25 million in investments. Declaration of Sam McClatchy, ¶ 6; Declaration of Holt Smith, ¶ 6; Declaration of Tito Echiburu, ¶ 6; Declaration of Michael Dudley, ¶ 6; Declaration of Alan H. Walters, ¶ 6.; Declaration of Buddy Mortimer, ¶ 6.

24. Neither the Intervenors nor the Non-Qualified Purchaser Banks were provided the Indenture or Offering Circular upon purchase of the Notes, nor were they required to certify that they qualified as purchasers under the Indenture and ICA. Declaration of Sam McClatchy, ¶ 5; Declaration of Holt Smith, ¶ 5; Declaration of Tito Echiburu, ¶ 5; Declaration of Michael Dudley, ¶ 5; Declaration of Alan H. Walters, ¶ 5; Declaration of Buddy Mortimer, ¶ 5; Declaration of William L. Freeman, ¶ 5; Declaration of Jake Bellipanni, ¶ 5;; Declaration of Donna Lowery, ¶ 5; Declaration of George Marx, ¶ 4; Declaration of Robert Barnes, ¶ 5; Declaration of David Guyton, ¶ 4; Declaration of Mark Folse, ¶ 5; Declaration of Frank Sibley, ¶ 5.

25. Soloso CDO 2005-1 Ltd. (the "Issuer) is not a registered investment company and sold these unregistered securities under an exemption provided for in the Investment Company Act of 1940 (the "ICA"). To qualify for that exemption, the Issuer could only sell notes to "Qualified Purchasers," as defined under the Indenture and the ICA. If the Issuer sold notes to

non-Qualified Purchasers, they must register as an investment company.  Docket 8-1, Declaration of Representative of Lansuppe Feeder, LLC, Exhibit "A," Indenture.

26. The Soloso CDO 2005-1 Notes are a securitized portfolio of various TruPS. Declaration of Frank W. Smith, III, ¶ 7.

27. The collateral composing the Trust Estate (here the trust preferred securities) will fetch approximately only an estimated $0.48 on the dollar or less in a liquidation sale, likely leaving insufficient funds to pay the Intervenors.  Declaration of Frank W. Smith, III, ¶ 7.

Dated:   October 5, 2015
         New York, New York

                                        Respectfully submitted,

                                        /s/ Peter C. Dee
                                        Peter C. Dee
                                        Gregori D. Mavronicolas
                                        MAVRONICOLAS & DEE LLP
                                        415 Madison Avenue, 18th Floor
                                        New York, New York  10017
                                        Telephone:  (646) 770-1256
                                        Facsimile:  (866) 774.9005
                                        pdee@mavrolaw.com
                                        gmavronicolas@mavrolaw.com

                                                and

                                        Robert B. Bieck, Jr. (*Pro Hac Vice* Pending)
                                        Alexander N. Breckinridge, V (*Pro Hac Vice*
                                          Pending)
                                        JONES WALKER LLP
                                        201 St. Charles Avenue, Suite 4900
                                        New Orleans, Louisiana  70170
                                        Telephone:  (504) 582-8202
                                        Facsimile:  (504) 58-8202
                                        rbieck@joneswalker.com
                                        abreckinridge@joneswalker.com

Kaytie M. Pickett (*Pro Hac Vice* Pending)
JONES WALKER LLP
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, Mississippi  39205-0427
Telephone:  (601) 949-4900
Telecopy:  (601) 949-4804
kpickett@joneswalker.com

*Attorneys for Proposed Intervenors Oxford University Bank; Citizens Bank & Trust Company; Coastal Commerce Bank; Guaranty Bank and Trust Company; BankFirst Financial Services as Successor-in-Interest to Newton County Bank; The First, A National Banking Association; Copiah Bank, National Association; and PriorityOne Bank*

{N3104758.1}                              9

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 5th day of October, 2015, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/s/ Peter C. Dee
Peter C. Dee