UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANSUPPE FEEDER, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Soloso CDO 2005-1 Ltd.,<br><br>              Defendant,<br><br>and<br><br>SOLOSO CDO 2005-1 LTD,<br><br>              Nominal Defendant. | Case No. 1:15-cv-07034 (LTS) |

**LANSUPPE FEEDER, LLC'S RULE 56.1(a) RESPONSE TO INTERVENING BANKS' RULE 56.1(b) STATEMENT OF ADDITIONAL MATERIAL FACTS**

Jonathan E. Pickhardt
Andrew S. Corkhill
Blair A. Adams
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff*
*Lansuppe Feeder, LLC*

Pursuant to Local Civil Rule 56.1(a) of this Court, Plaintiff Lansuppe Feeder, LLC ("Lansuppe") respectfully submits this Rule 56.1(a) statement responding to the Rule 56.1(b) Statement of Additional Facts, dated October 5, 2015 (ECF No. 35), submitted by Oxford University Bank; Citizens Bank & Trust Company; Coastal Commerce Bank; Guaranty Bank and Trust Company; BankFirst Financial Services as Successor-in-Interest to Newton County Bank; The First, A National Banking Association; Copiah Bank, National Association; and PriorityOne Bank (the "Intervenors").

**Short, Concise Statement of Additional Material Facts**

15. The Mississippi Action involves the same issues as does this action. Docket 8-1, Declaration of Representative of Lansuppe Feeder, LLC, Exhibit "E."

**Plaintiff's Response: Disputed to the extent that the statement is an incomplete or inaccurate characterization of the issues involved in the Mississippi Action and this action. Further disputed to the extent that the statement offers a legal conclusion. Further disputed to the extent that the statement is not supported by any of the cited evidence.**

16. The Mississippi Action was filed and served before this action was initiated. Exhibit "A," Return of Service filed in Mississippi Action.

**Plaintiff's Response: Disputed to the extent that the statement offers a legal conclusion. Otherwise, not disputed.**

17. The Trustee has taken a position adverse to the Intervenors with regard to the claims at issue in this action and in the Mississippi Action. Declaration of Mark Folse, ¶ 16, Exhibit "E."

**Plaintiff's Response: For purposes of Plaintiff's Motion for Summary Judgment Made By Order to Show Cause, filed on September 11, 2015 ("Plaintiff's Motion"), and for**

no other purposes, not disputed.  For the avoidance of doubt, this paragraph is disputed for all other purposes, including for purposes of Intervenors' Cross-Motion for Summary Judgment, filed October 5, 2015 ("Intervenors' Cross-Motion").  Among other reasons, it is disputed on the basis that Plaintiff cannot present facts essential to dispute this statement because it has not had an opportunity to conduct sufficient discovery, and therefore objects pursuant to Fed R. Civ. P. 56(d).  *See* Declaration of Jonathan E. Pickhardt in Support of Plaintiff's Reply Memorandum of Law in Further Support of Motion for Summary Judgment by Order to Show Cause ("Pickhardt Decl.") ¶ 3.

18.   The Intervenors are not domiciled in New York, were not served with process in New York, and have no branches or offices in New York.  The Intervenors have no contractual relationship with a New York corporation and do not own, use, or possess any real property in the state.  Declaration of William L. Freeman, ¶ 3; Declaration of Jake Bellipanni, ¶ 3; Declaration of Donna Lowery, ¶ 3; Declaration of George Marx, ¶ 3; Declaration of Robert Barnes, ¶ 3; Declaration of David Guyton, ¶ 3; Declaration of Mark Folse, ¶ 3; Declaration of Frank Sibley, ¶ 3.

**Plaintiff's Response**:  For purposes of Plaintiff's Motion, and for no other purposes, not disputed.  For the avoidance of doubt, this paragraph is disputed for all other purposes, including for purposes of Intervenors' Cross-Motion.  Among other reasons, it is disputed on the basis that Plaintiff cannot present facts essential to dispute this statement because it has  not had an opportunity to conduct sufficient discovery, and therefore objects pursuant to Fed R. Civ. P. 56(d).  *See* Pickhardt Decl. ¶ 3.

19. Lansuppe waited over two years after the non-payment Event of Default occurred to direct the Trustee to liquidate the Trust Estate. Docket 8-1, Declaration of Representative of Lansuppe Feeder, LLC, Exhibits "B" and "D."

**Plaintiff's Response**: **Not disputed.**

20. Omitted by Intervenors.

21. Omitted by Intervenors.

22. In 2005, Desoto County Bank, First State Bank, Holmes County Bank and Trust Company, Bank of Morton, Bank of Kilmichael and Commercial Bank (Dekalb) purchased Soloso CDO 2005-1 Notes. Declaration of Sam McClatchy, ¶ 4; Declaration of Holt Smith, ¶ 4; Declaration of Tito Echiburu, ¶ 4; Declaration of Michael Dudley, ¶ 4; Declaration of Alan H. Walters, ¶ 4; Declaration of Buddy Mortimer, ¶ 6.

**Plaintiff's Response**: **For purposes of Plaintiff's Motion, and for no other purposes, not disputed. For the avoidance of doubt, this paragraph is disputed for all other purposes, including for purposes of Intervenors' Cross-Motion. Among other reasons, it is disputed on the basis that Plaintiff cannot present facts essential to dispute this statement because it has not had an opportunity to conduct sufficient discovery, and therefore objects pursuant to Fed R. Civ. P. 56(d). *See* Pickhardt Decl. ¶ 3.**

23. Desoto County Bank, First State Bank, Holmes County Bank and Trust Company, Bank of Morton, Bank of Kilmichael and Commercial Bank (Dekalb) were all Non-Qualified Purchasers under the Investment Company Act of 1940 ("ICA"), meaning those banks at the time of the purchase of the Notes were companies with less than $25 million in investments. Declaration of Sam McClatchy, ¶ 6; Declaration of Holt Smith, ¶ 6; Declaration of Tito

Echiburu, ¶ 6; Declaration of Michael Dudley, ¶ 6; Declaration of Alan H. Walters, ¶ 6.; Declaration of Buddy Mortimer, ¶ 6.

**Plaintiff's Response**:  **For purposes of Plaintiff's Motion, and for no other purposes, not disputed.  For the avoidance of doubt, this paragraph is disputed for all other purposes, including for purposes of Intervenors' Cross-Motion.  Among other reasons, it is disputed on the basis that Plaintiff cannot present facts essential to dispute this statement because it has not had an opportunity to conduct sufficient discovery, and therefore objects pursuant to Fed R. Civ. P. 56(d).  *See* Pickhardt Decl. ¶ 3.  It is further disputed to the extent that the statement offers a legal conclusion.**

24.    Neither the Intervenors nor the Non-Qualified Purchaser Banks were provided the Indenture or Offering Circular upon purchase of the Notes, nor were they required to certify that they qualified as purchasers under the Indenture and ICA.  Declaration of Sam McClatchy, ¶ 5; Declaration of Holt Smith, ¶ 5; Declaration of Tito Echiburu, ¶ 5; Declaration of Michael Dudley, ¶ 5; Declaration of Alan H. Walters, ¶ 5; Declaration of Buddy Mortimer, ¶ 5; Declaration of William L. Freeman, ¶ 5; Declaration of Jake Bellipanni, ¶ 5;; Declaration of Donna Lowery, ¶ 5; Declaration of George Marx, ¶ 4; Declaration of Robert Barnes, ¶ 5; Declaration of David Guyton, ¶ 4; Declaration of Mark Folse, ¶ 5; Declaration of Frank Sibley, ¶ 5.

**Plaintiff's Response**:  **For purposes of Plaintiff's Motion, and for no other purposes, not disputed.  For the avoidance of doubt, this paragraph is disputed for all other purposes, including for purposes of Intervenors' Cross-Motion.  Among other reasons, it is disputed on the basis that Plaintiff cannot present facts essential to dispute this statement because it has not had an opportunity to conduct sufficient discovery, and therefore objects pursuant**

to Fed R. Civ. P. 56(d).  *See* **Pickhardt Decl. ¶ 3.  It is further disputed to the extent that the statement offers a legal conclusion.**

25. Soloso CDO 2005-1 Ltd. (the "Issuer) is not a registered investment company and sold these unregistered securities under an exemption provided for in the Investment Company Act of 1940 (the "ICA"). To qualify for that exemption, the Issuer could only sell notes to "Qualified Purchasers," as defined under the Indenture and the ICA. If the Issuer sold notes to non-Qualified Purchasers, they must register as an investment company. Docket 8-1, Declaration of Representative of Lansuppe Feeder, LLC, Exhibit "A," Indenture.

**Plaintiff's Response**:  **First sentence not disputed.  For purposes of Plaintiff's Motion, and for no other purposes, remaining sentences also not disputed.  For the avoidance of doubt, the remaining sentences are disputed for all other purposes, including for purposes of Intervenors' Cross-Motion.  Among other reasons, they are disputed on the basis that Plaintiff cannot present facts essential to dispute these statements because it has not had an opportunity to conduct sufficient discovery, and therefore objects pursuant to Fed R. Civ. P. 56(d).  *See* Pickhardt Decl. ¶ 3.  The remaining sentences are further disputed to the extent that they  offer a legal conclusion.**

26. The Soloso CDO 2005-1 Notes are a securitized portfolio of various TruPS. Declaration of Frank W. Smith, III, ¶ 7.

**Plaintiff's Response**:  **Not disputed.**

27. The collateral composing the Trust Estate (here the trust preferred securities) will fetch approximately only an estimated $0.48 on the dollar or less in a liquidation sale, likely leaving insufficient funds to pay the Intervenors. Declaration of Frank W. Smith, III, ¶ 7.

**Plaintiff's Response:** For purposes of Plaintiff's Motion, and for no other purposes, not disputed. For the avoidance of doubt, this paragraph is disputed for all other purposes, including for purposes of Intervenors' Cross-Motion. Among other reasons, it is disputed on the basis that Plaintiff cannot present facts essential to dispute this statement because it has not had an opportunity to conduct sufficient discovery, and therefore objects pursuant to Fed R. Civ. P. 56(d). *See* Pickhardt Decl. ¶ 3. It is further disputed to the extent that the statement is not supported by any of the cited evidence.

DATED:   New York, New York
         October 13, 2015

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____
      Jonathan E. Pickhardt
      jonpickhardt@quinnemanuel.com
      Andrew S. Corkhill
      andrewcorkhill@quinnemanuel.com
      Blair A. Adams
      blairadams@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff*
*Lansuppe Feeder, LLC*