**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LANSUPPE FEEDER, LLC,<br><br>             Plaintiff,<br><br>   vs.<br><br>WELLS FARGO BANK, NATIONAL<br>ASSOCIATION, as Trustee for Soloso<br>CDO 2005-1 Ltd.,<br><br>             Defendant,<br><br>   and<br><br>SOLOSO CDO 2005-1 LTD.,<br><br>             Nominal Defendant.<br><br>   and<br><br>OXFORD UNIVERSITY BANK; CITIZENS<br>BANK & TRUST COMPANY; COASTAL<br>COMMERCE BANK; GUARANTY BANK<br>AND TRUST COMPANY; BANKFIRST<br>FINANCIAL SERVICES as Successor-in-<br>Interest to Newton County Bank; THE FIRST, A<br>NATIONAL BANKING ASSOCIATION;<br>COPIAH BANK, NATIONAL ASSOCIATION;<br>and PRIORITYONE BANK<br><br>             Interested Third-Parties | Case No. 1:15-cv-07034 (LTS) (KNF) |

**REPLY IN SUPPORT OF MOTION TO STAY AND/OR DISMISS BY**
**OXFORD UNIVERSITY BANK; CITIZENS BANK & TRUST COMPANY; COASTAL**
**COMMERCE BANK; GUARANTY BANK AND TRUST COMPANY; BANKFIRST**
**FINANCIAL SERVICES AS SUCCESSOR-IN-INTEREST TO NEWTON COUNTY**
**BANK; THE FIRST, A NATIONAL BANKING ASSOCIATION; COPIAH BANK,**
**NATIONAL ASSOCIATION; AND PRIORITYONE BANK**

{N3112099.3}

## **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................1

II. ARGUMENT ....................................................................................................................2

    A.    Indispensable Parties and Personal Jurisdictional ........................................3

        1.    The Issuer can be joined in the Mississippi Action ....................................3

        2.    Lansuppe is not an indispensable party to the Mississippi Action .............4

    B.    The balance of convenience favors Mississippi ........................................5

        1.    The first-filing plaintiff's choice of forum and the convenience of witnesses. .......................................................................................................6

        2.    The location of relevant documents and relative case of access to sources of proof................................................................................................6

        3.    The locus of operative facts .......................................................................7

        4.    The convenience of the parties ..................................................................7

        5.    The availability of process to compel unwilling witnesses ........................7

        6.    The relative means of the parties ...............................................................8

        7.    Other factors identified by the parties. ......................................................8

III. CONCLUSION...............................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*AEI Life, LLC v. Lincoln Ben. Life Co.*, 305 F.R.D. 37 (E.D.N.Y. Feb. 24, 2015) .........................8

*American S.S. Owners Mut. Prot. & Indemn. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474 (S.D.N.Y. 2007) ...........................................................................................................................6

*American Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474 (S.D.N.Y. 2007), *aff'd¸* 599 F.3d 102 (2d Cir. 2010) ........................................8

*Arial Technologies, LLC v. Aerophile S.A.*, No. 14 CV 4435, 2015 WL 1501115 (S.D.N.Y. Mar. 31, 2015) .........................................................................................................................................4

*Byron v. Genovese Drugstores, Inc.,* No. 10–cv–3313, 2011 WL 4962499 (E.D.N.Y. Oct. 14, 2011) ...............................................................................................................................................2

*Cyrus Corp. v. Whitman*, 93 F.R.D. 598 (S.D.N.Y. 1982) ...............................................................3

*D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95 (2d Cir. 2006) ...........................................................2

*Employers Ins. of Wasau v. Fox Entm't Grp, Inc.*, 522 F.3d 271 (2d Cir. 2008) ...........................5

*Kingsepp v. Wesleyan Univ.,* 763 F. Supp. 22 (S.D.N.Y. 1991) .......................................................3

*Landmark Am. Ins. Co. v. Gatchell*, 2011 WL 5864565 (S.D. Miss. Nov. 22, 2011) ....................4

*Menowitz v. Brown,* 991 F.2d 36 (2d Cir. 1993) ..............................................................................9

*New York Marine and Gen. Ins. v. Lafarge N.A., Inc.,* 599 F.3d 102 (2d Cir. 2010) ....................7

*Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 CIV 8751 PAE, 2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) ...........................................................................................................................................2, 5

*Townsend Corp. of America v. Davidson*, 222 F. Supp. 1 (D. N.J. 1963) ......................................3

**Statutes**

15 U.S.C. § 80a-43 ............................................................................................................................3

Oxford University Bank; Citizens Bank & Trust Company; Coastal Commerce Bank; Guaranty Bank and Trust Company; BankFirst Financial Services as successor-in-interest to Newton County Bank; The First, A National Banking Association; Copiah Bank, National Association; and PriorityOne Bank (the "Proposed Intervenors" or the "Banks") respectfully submit this reply memorandum in further support of their Motion to Intervene and Stay and/or Dismiss (Docket 56).

## I. INTRODUCTION

After the Banks sued Wells Fargo Bank, National Association (the "Trustee") in Mississippi to enjoin liquidation of the Trust Collateral,[1] Plaintiff Lansuppe Feeder, LLC ("Lansuppe") sued the Trustee in New York to force liquidation.  No one disputes that the two cases raise the same issues or that the Mississippi Action came first.   Instead, the dispute is over who is indispensable where and whether convenience favors the New York forum.

Nominal Defendant Soloso CDO 2005-1 Ltd. (the "Issuer"), the Trustee, and Lansuppe argue against the first-filed doctrine by claiming that the Issuer is an indispensable party to the Mississippi Action who cannot be joined for lack of personal jurisdiction.   (Docket 70, 72, 74). But the Mississippi court can join the Issuer through the nationwide-reach of the Investment Company Act of 1940.  The Trustee alone claims that Lansuppe is an indispensable party to the Mississippi Action who cannot be joined for lack of personal jurisdiction.  (Docket 72, p. 6). The Trustee argues it cannot properly represent Lansuppe's interests because the Trustee does not know what harm Lansuppe will suffer if the Mississippi court enjoins liquidation. *Id.*  This is because Lansuppe will suffer *no* harm, as the Trustee is well aware.  The Trustee's most recent

---

[1] Capitalized terms used but not defined have the meaning set forth in either the Banks' Motion to Intervene and Stay and/or Dismiss or the Indenture.

report demonstrates that the Trust Collateral's value has improved since the Non-Payment Event of Default and that the Default has been cured. (Docket 77-1).

Additionally, Lansuppe, the Trustee, and the Issuer all argue that the convenience factors weigh in favor of New York. (Docket 70, 72, 74). Lansuppe wrongly claims the Banks concede this issue (Docket 74, p. 4), but the proponents of this forum bear the burden of proof in overcoming the strong presumption in favor of the first-filed action. *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 CIV. 8751 PAE, 2012 WL 844284, at *8 (S.D.N.Y. Mar. 13, 2012) ("[T]he proponent of the second-filed suit has the burden of demonstrating that the overall balance of conveniences weighs in favor of its chosen forum in order to establish this exception to the presumption favoring the first-filed action."). As demonstrated below, Lansuppe, the Trustee, and the Issuer have not met that burden.

## II. ARGUMENT

The Banks ask the Court to stay this action under the first-filed doctrine in favor of the Mississippi Action. "Under the first-filed doctrine, when competing lawsuits have been filed in different courts relating to the same controversy, ordinarily, 'the first suit should have priority,'" and the second suit should be stayed or dismissed. *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 CIV. 8751 PAE, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012) (quoting *D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 106 (2d Cir. 2006)). While the first-filed rule requires that the "'claims, parties, and available relief'" not "'significantly differ between the actions'…the issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests." *Id.* (quoting *Byron v. Genovese Drugstores, Inc.,* No. 10–cv–3313, 2011 WL 4962499, at *3 (E.D.N.Y. Oct. 14, 2011)). The question of who is indispensable where goes to whether the parties in both suits represent the same interests.

**A.      Indispensable Parties and Personal Jurisdiction.**

     **1.      The Issuer can be joined in the Mississippi Action.**

The Banks did not name the Issuer in the Mississippi Action under the belief that the Trustee adequately represented the Issuer's interests.  If this is untrue, the Banks can simply join the Issuer.

Wells Fargo, the Issuer, and Lansuppe all assume that the Mississippi court lacks personal jurisdiction over the Issuer and that it cannot therefore be joined.  But the Mississippi Action states a claim under the Investment Company Act of 1940, which provides for nationwide service of process.  *See* 15 U.S.C. § 80a-43; *Cyprus Corp. v. Whitman*, 93 F.R.D. 598, 604 n. 2 (S.D.N.Y. 1982) (holding that Section 27 of the Securities and Exchange Act authorizes nationwide service of process and noting that "Section 44 of the Investment Company Act of 1940 contains comparable provisions." ); *cf. Kingsepp v. Wesleyan Univ.,* 763 F. Supp. 22, 24 (S.D.N.Y. 1991) ("In cases where Congress authorizes nationwide federal jurisdiction… it is not necessary that the resident defendant have the requisite minimum contacts with the state that would exercise jurisdiction.").

 For personal jurisdiction to exist in Mississippi over the Issuer, the Mississippi Action must be "an action to enforce any liability of duty created by the [Investment Company] Act." *See Townsend Corp. of America v. Davidson*, 222 F. Supp. 1, 2-4  (D. N.J. 1963).   For venue to be proper, "any act or transaction alleged to be a violation of the Act" must have occurred in that District, though the acts need not be the Issuer's acts.  *Id.*  Sales of Soloso CDO 2005-1 Notes to non-Qualified Purchasers took place in the Northern District of Mississippi; according to the controlling authorities, this is enough to establish personal jurisdiction and venue.

The Issuer and Lansuppe cite the Indenture's forum selection clause in arguing against the Mississippi court's exercise of jurisdiction over the Issuer.  (Docket 70, p. 12; Docket 74, p.

4).  But the forum selection clause is not mandatory.  *See* Docket 8-1, Indenture, § 13.10.  It states that the Issuer submits to the jurisdiction of New York without protest, not that the Issuer cannot be sued elsewhere.  *Id.*; *see also Arial Technologies, LLC v. Aerophile S.A.*, No. 14 CV 4435, 2015 WL 1501115, at *3 (S.D.N.Y. Mar. 31, 2015) (explaining the difference between permissive and mandatory forum selection clause).  The permissive forum selection clause does not prohibit the Mississippi court's exercise of jurisdiction over the Issuer.

In Mississippi, when a defendant raises the defense of failure to join an indispensable party, a court can order the party joined if feasible, rather than dismiss the action.  *See Landmark Am. Ins. Co. v. Gatchell*, 2011 WL 5864565, at *2 (S.D. Miss. Nov. 22, 2011).  If the Trustee asserts a Rule 12(b)(7) defense, it will only result in the Issuer's joinder.  The Banks' failure to join the Issuer is not grounds for avoiding the first-filed doctrine.

### 2.    Lansuppe is not an indispensable party to the Mississippi Action.

The Trustee, not Lansuppe, contends that Lansuppe is an indispensable party to the Mississippi Action.  The Trustee argues that it "does not have first-hand knowledge of the harm Lansuppe would suffer if the Mississippi District Court granted the injunction the Disputing Noteholders seek."  (Docket 72, p. 7 n.6).  This argument is specious.   Lansuppe has represented to this Court that it will suffer harm because the Trust Estate is deteriorating in value.  (Docket 62, p. 2).  The value of the Trust Estate is certainly within the Trustee's knowledge.  Indeed, the Trustee just issued reports demonstrating that the Trust Estate is improving in value and that any non-payment Events of Default have been cured. (Docket 77-1, Trustee's Monthly Report). Specifically, the Monthly Report shows (1) the amount of the performing collateral increased to $261.1 million (from $251.1 million, net of principal payments); (2)  there is no longer a current default in the payment of interest to the top three tranches of Notes; and (3) the current cash flow is sufficient to satisfy the interest coverage test and the amount of performing collateral satisfies

the overcollateralization test for the senior tranches of Notes.  *Id.*  The amount of non-performing collateral decreased  by $10 million, and the amount of performing collateral increased by $10 million, because a formerly non-performing TruPs issued by Brand Banking Company stopped deferring payment.  *See* Exhibit "A," Soloso 2005 Collateral List (showing Brand Banking Company as performing).   Furthermore, the overall performance of the CDO improved due to the expiration of the floating-to-fixed interest rate swap in July 2015.  *See* Exhibit "B," Soloso CDO 2005-1 Ltd. 10/15/2015 Quarterly Distribution Report (showing that senior overcollaterization test met and that swap party no longer due anything); Exhibit "C,"  Soloso CDO 2005-1 Note Valuation Quarterly Report (showing same).

The fact is that Lansuppe will suffer no harm, and the Trustee has valid concerns that it will be unable to successfully oppose an injunction.  But the *merits* of the Mississippi Action do not change the fact that the Trustee adequately represents the interests of the Senior Noteholders in opposing an injunction, and the first-filed doctrine should apply.

**B.    The balance of convenience favors Mississippi.**

The first-filed rule has two exceptions:  "(1) where 'special circumstances' exist, and (2) where 'the balance of convenience favors the second-filed action." *Oleg Cassini*, 2012 WL 844284, at *8 (quoting *Employers Ins. of Wasau v. Fox Entm't Grp, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008)).   The proponent of the second suit bears the burden of proving either of these exceptions.  *Id.*  No party has argued special circumstances exist; instead, Lansuppe, the Trustee, and the Issuer claim that the balance of convenience weighs in favor of this suit.  They have not met their burden of overcoming the strong presumption in favor of the first-filed action.

The convenience factors are the same "considered in connection with motions to transfer venue." *Id.*  "Among the factors to be considered in determining whether to grant a motion to

transfer venue 'are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *Id.* (quoting *New York Marine and Gen. Ins. v. Lafarge N.A., Inc.,* 599 F.3d 102, 112 (2d Cir. 2010)).  The balance of these factors favors Mississippi.

### 1.    The first-filing plaintiff's choice of forum and the convenience of witnesses

The Banks chose Mississippi as their forum, and the first-filing plaintiff's choice weighs in favor of a stay.   So does the convenience of the witnesses.  Lansuppe has represented to this Court that its requested relief raises only questions of law.  (Docket 62, p. 2).  Accordingly, the location of witnesses is not critical to Lansuppe's side of the suit.   In contrast, the Banks' affirmative defenses to Lansuppe's suit require determination of questions of fact, including whether non-Qualified Purchasers bought Soloso 2005-1 Notes.   All of the non-Qualified Purchasers (of which the Banks are aware—there may be more) are in Mississippi.    Both of these factors weigh in favor of Mississippi.

### 2.    The location of relevant documents and relative ease of access to sources of proof

The Indenture, whose authenticity is undisputed, is the only document any party has identified as relevant.   No one claims this will be a document-heavy case.   Furthermore, "the location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents." *American S.S. Owners Mut. Prot. & Indemn. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007).  This factor does not weigh in favor of either forum.

3. **The locus of operative facts.**

Lansuppe relies on *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010), to argue that the Indenture's permissive forum selection clause and choice of law clause require the Court to deny a stay. In *Lafarge*, an insurer filed a declaratory judgment suit in New York to determine a coverage of defense dispute. The insured moved to transfer to Louisiana, where the underlying liability suit was pending. The insured *conceded* that the convenience factors favored New York but argued that the first-filed doctrine should apply. *Id.* at 112. The Second Circuit affirmed the district court's determination that the cases did not involve the same issues. *Id.* at 113. *Lafarge* does not stretch as far as Lansuppe wishes.

The operative facts in this case are the formation of the CDO, the sale of the Notes, and the Events of Default. Some of these facts occurred in New York, but others occurred in Mississippi. Accordingly, this factor is neutral.

4. **The convenience of the parties.**

New York is greatly inconvenient for the Banks. Mississippi will likely be inconvenient for Lansuppe, though Lansuppe can rely on the Trustee to protect its interests. The Trustee maintains offices in Mississippi and in New York (so each forum is equally convenient), and the Issuer is a Cayman Island entity (so each forum is equally inconvenient). The convenience of the parties does not weigh in favor of either forum.

5. **The availability of process to compel unwilling witnesses.**

As explained above, the Issuer can and will be joined in the Mississippi suit. The Trustee is within the Mississippi court's jurisdiction and, pursuant to the terms of the Indenture, represents the senior Noteholders' interests, including Lansuppe's. Lansuppe may be beyond the reach of the Mississippi court, but Lansuppe has not indicated it would be an unwilling witness.

No party has identified any unwilling witnesses outside the subpoena power of the Mississippi court.  This factor is also neutral.

6.      **The relative means of the parties.**

Lansuppe is a multi-million dollar hedge fund. (Docket 8).  The Banks are small, locally-owned and operated community banks.  (Docket 39, 40, 41, 42, 44, 45, 46).  The Banks' call reports demonstrate that they have nowhere near the means Lansuppe does.  *Available at* *https://cdr.ffiec.gov/public/.*   Defense of this action in New York is far more burdensome to the Banks than the Mississippi Action is to Lansuppe.  Lansuppe can rely on the Trustee to represent its interests; the Banks cannot.

7.      **Other factors identified by the parties.**

The Trustee argues that the relative progress of this suit in comparison to the Mississippi action weighs in favor of New York.  (Docket 72, p. 11).  But to weigh this against the first-filed doctrine penalizes the Banks for common professional courtesy.  The Trustee cites the district court decision in *Lafarge* to argue that the progress of the cases weighs against a stay.  *American Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 488 (S.D.N.Y. 2007), *aff'd*, 599 F.3d 102 (2d Cir. 2010).   Again, in *Lafarge*, the two actions were not co-extensive, and  the Louisiana court would not reach any coverage issues until after determination of liability.  The first-filed doctrine did not apply.

Lansuppe cites *AEI Life, LLC v. Lincoln Ben. Life Co.*, 305 F.R.D. 37 (E.D.N.Y. Feb. 24, 2015), for the same proposition.  But in *AEI Life*, the court found that "[s]ince the [first-filed] court never obtained jurisdiction over the case, the first-to-file rule is inapplicable." *Id.* at 45. The case does not stand for the proposition for which Lansuppe cites it.

The Trustee also argues that the Court's familiarity with New York law and with CDOs weighs against a stay.  This Court of course has greater familiarity with New York law, but the Mississippi court is equally competent to adjudicate issues arising under federal law, including whether liquidation should be enjoined where there is a violation of the Investment Company Act of 1940.  *Cf. Menowitz v. Brown,* 991 F.2d 36, 40 (2d Cir. 1993), ("Although federal courts sometimes arrive at different constructions of federal law, federal law (unlike state law) is supposed to be unitary.")

On the whole, the Banks' choice of forum outweighs the other factors.  The Trustee, the Issuer, and Lansuppe have not met their burden of demonstrating that convenience merits disregard of the first-filed doctrine.

### III.  CONCLUSION

For the foregoing reasons, Oxford University Bank; Citizens Bank & Trust Company; Coastal Commerce Bank; Guaranty Bank and Trust Company; BankFirst Financial Services as successor-in-interest to Newton County Bank; The First, A National Banking Association; Copiah Bank, National Association; and PriorityOne Bank ask that their Motion to Stay be granted.

Dated:      October 19, 2015
            Jackson, Mississippi


                          Respectfully submitted,


                          /s/ Kaytie Pickett
                          Kaytie Pickett
                          JONES WALKER LLP
                          190 East Capitol Street, Suite 800
                          Jackson, MS 39201
                          Telephone:  (601) 949-4900
                          Facsimile:  (601) 949-4804
                          kpickett@joneswalker.com

{N3112099.3}
9

*and*

Robert B. Bieck, Jr. (admitted *Pro Hac Vice* )
Alexander N. Breckinridge, V (admitted *Pro Hac Vice* )
JONES WALKER LLP
201 St. Charles Avenue, Suite 4900
New Orleans, Louisiana  70170
Telephone:  (504) 582-8202
Facsimile:  (504) 58-8202
rbieck@joneswalker.com
abreckinridge@joneswalker.com

Peter C. Dee
Gregori D. Mavronicolas
MAVRONICOLAS & DEE LLP
415 Madison Avenue, 18th Floor
New York, New York  10017
Telephone:  (646) 770-1256
Facsimile:  (866) 774.9005
pdee@mavrolaw.com
gmavronicolas@mavrolaw.com

*Attorneys for Proposed Intervenors Oxford University Bank; Citizens Bank & Trust Company; Coastal Commerce Bank; Guaranty Bank and Trust Company; BankFirst Financial Services as Successor-in-Interest to Newton County Bank; The First, A National Banking Association; Copiah Bank, National Association; and PriorityOne Bank*

## <u>CERTIFICATE OF SERVICE</u>

THE UNDERSIGNED HEREBY CERTIFIES that on this 19th day of October, 2015, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/s/ Kaytie Pickett
Kaytie Pickett