UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANSUPPE FEEDER, LLC<br><br>     Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Soloso CDO 2005-1 LTD.<br><br>     Defendant,<br><br>and<br><br>SOLOSO CDO 2005-1 LTD.,<br><br>     Nominal Defendant,<br><br>and<br><br>OXFORD UNIVERSITY BANK; CITIZENS BANK & TRUST COMPANY; COASTAL COMMERCE BANK; GUARANTY BANK AND TRUST COMPANY; BANKFIRST FINANCIAL SERVICES as Successor-in-Interest to Newton County Bank; THE FIRST, A NATIONAL BANKING ASSOCIATION; COPIAH BANK, NATIONAL ASSOCIATION; PRIORITYONE BANK; BANK OF MORTON; BANK OF KILMICHAEL; HOLMES COUNTY BANK AND TRUST COMPANY; FIRST COMMERCIAL BANK as Successor-in-Interest to Desoto County Bank; and FIRST STATE BANK.<br><br>     Intervenors. | Case No. 1:15-cv-07034 (LTS) |

**RULE 56(D) DECLARATION OF ROBERT B. BIECK, JR.**

1. My name is Robert B. Bieck, Jr.. I am a partner at Jones Walker LLP. Jones Walker is counsel of record for Intervenors, Oxford University Bank; Citizens Bank & Trust Company; Coastal Commerce Bank; Guaranty Bank and Trust Company; BankFirst Financial Services as Successor-in-Interest to Newton County Bank; The First, A National Banking Association; Copiah Bank, National Association; PriorityOne Bank; Bank of Morton; Bank of Kilmichael; Holmes County Bank and Trust Company; First Commercial Bank as Successor-in-Interest to Desoto County Bank; and First State Bank (the "Intervenors"), in the above-captioned matter.

2. As counsel for Intervenors, I am familiar with the events discussed herein and make this Declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

3. Plaintiff Lansuppe Feeder, LLC's response in opposition to Intervenors' cross-motion for summary judgment asks that the Court resort to the equities to enforce the Indenture and order distributing of the liquidation proceeds. Lansuppe also asserts that it was a bona fide purchaser. Intervenors maintain that this is not an appropriate case for weighing the equities, and furthermore, Lansuppe cannot take advantage of the bona fide purchaser defense because it admits it purchased some of its Notes with knowledge of the sales to non-Qualified Purchasers.

4. If, however, the Court considers these issues questions of fact, Intervenors cannot yet present facts regarding the circumstances surrounding Lansuppe's purchase of its Notes. Intervenors do not yet know when, why and how Lansuppe invested in the Soloso 2005-1 CDO—facts that weigh heavily on whether it would will be inequitable to refuse to enforce the waterfall. Specifically, Intervenors believe that discovery may reveal that Lansuppe bought its Notes well after issuance at far less than full value and thus paid no premium for the rights

enjoyed by holders of notes in the senior tranche, and looks forward to a windfall at the expense of the junior noteholder.

5.     The specified reason that Intervenors cannot yet present these facts is that no discovery has yet taken place. These facts are solely within Lansuppe's knowledge, and Intervenors ask that the Court allow time for discovery on this issue.

6.     Intervenors do not contend that any party or counsel has prevented or delayed discovery, but simply that sufficient opportunity has not been afforded the Intervenors based on the status of the case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 19th day of November, 2015.

/s/ Robert B. Bieck, Jr.
ROBERT B. BIECK, JR.

{N3129598.1}