**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/15
```

WRITER'S DIRECT DIAL NO.
(212) 849-7338

WRITER'S INTERNET ADDRESS
andrewcorkhill@quinnemanuel.com

November 24, 2015

**VIA ECF AND FACSIMILE**
(212) 805-0426

Hon. Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312



Re:   *Lansuppe Feeder, LLC v. Wells Fargo Bank, National Association*, No. 1:15-cv-07034 (LTS) (KNF)

Dear Judge Swain:

    We write on behalf of Plaintiff Lansuppe Feeder, LLC ("Lansuppe") to request permission to file a two page sur-reply in response to a single issue raised by the Intervenors in their Reply Memorandum in Support of Intervenors' Cross-Motion for Summary Judgment (Dkt. No. 118). In response to Lansuppe's argument that the Intervenors' claims are barred by the statutes of limitations and repose (*see* Dkt. No. 106 at 12-15), the Intervenors concede that their claims "would ordinarily be time-barred," but nevertheless argue that they are not time-barred in this action, because they are pled as a form of recoupment counterclaim (*see* Dkt. No. 118 at 16).

    This argument—raised for the first time on reply—is fatally flawed for two reasons. *First*, it conveniently ignores the fact that this action was commenced in response to stand-alone claims brought by the Intervenors in the Southern District of Mississippi that they are now conceding were time-barred. Having clearly lacked a good faith basis to commence the original proceedings in Mississippi that necessitated the filing of this action, the Intervenors should not be permitted to circumvent the statute of limitations by recasting their original claims as a form of recoupment counterclaim. *Second*, even if the Intervenors' claims could be restyled as recoupment counterclaims—which they cannot—they would nevertheless be time-barred by the three-year statute of repose. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 416 (1998) (ruling that a right of rescission under the Truth in Lending Act could not be pleaded as a recoupment

---

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

counterclaim outside of the limitations period).

Lansuppe respectfully requests leave to file a two page sur-reply so as to provide the Court with additional briefing on this narrow and dispositive issue. The Trustee and the Issuer do not object to Lansuppe's request for leave, and the Intervenors take no position.

Respectfully submitted,

*/s/ Andrew S. Corkhill*

Andrew S. Corkhill

cc:   All counsel of record (via ECF)

*permission granted.*

SO ORDERED:

*/s/ Laura Taylor Swain*  11/30/15
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

2