UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANSUPPE FEEDER, LLC, <br><br>    Plaintiff, <br><br>vs. <br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Soloso CDO 2005-1 Ltd., <br><br>    Defendant, <br><br>and <br><br>SOLOSO CDO 2005-1 LTD., <br><br>    Nominal Defendant, <br><br>and <br><br>OXFORD UNIVERSITY BANK; CITIZENS BANK & TRUST COMPANY; COASTAL COMMERCE BANK; GUARANTY BANK AND TRUST COMPANY; BANKFIRST FINANCIAL SERVICES; THE FIRST, A NATIONAL BANKING ASSOCIATION; COPIAH BANK, NATIONAL ASSOCIATION; & PRIORITYONE BANK, <br><br>    Intervenors. | Case No. 1:15-cv-07034 (LTS) |

**SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO INTERVENORS'
CROSS-MOTION FOR SUMMARY JUDGMENT**

                       Jonathan E. Pickhardt
                       Andrew S. Corkhill
                       Blair A. Adams
                       QUINN EMANUEL URQUHART &
                       SULLIVAN, LLP
                       51 Madison Avenue, 22nd Floor
                       New York, New York 10010
                       (212) 849-7000

                       *Attorneys for Plaintiff*
                       *Lansuppe Feeder, LLC*

Plaintiff Lansuppe Feeder, LLC ("Lansuppe") respectfully submits this sur-reply in further opposition to the Intervenors' Cross-Motion for Summary Judgment, dated October 5, 2015, in the above-captioned action.[1]

## ARGUMENT

In response to Lansuppe's argument that the Intervenors' cross-claims are barred by the statutes of limitations and repose, the Intervenors concede that their cross-claims "would ordinarily be time-barred" (Dkt. No. 118, at 16), and have accordingly voluntarily dismissed their parallel action in the Northern District of Mississippi, which suffered from the same fatal flaw.[2]  In a desperate attempt to avoid the same outcome here, the Intervenors try to restyle their cross-claims as recoupment counterclaims, which they argue are not subject to the statute of limitations.  (*Id.*)  This argument fails for two simple reasons: (1) the Intervenors' cross-claims—which are offensive claims seeking affirmative relief—are clearly *not* recoupment counterclaims; and (2) in any event, the applicable statute of repose bars recoupment counterclaims.

### A.     The Intervenors' Cross-Claims Are Not Recoupment Counterclaims

Recoupment counterclaims are defensive in nature and preclude affirmative relief.  *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415 (1998) (describing recoupment as a defense); *118 E. 60th Owners, Inc. v. Bonner Props., Inc.*, 677 F.2d 200, 204 (2d Cir. 1982) ("Courts in New York and elsewhere have emphasized the intrinsically defensive nature of the [recoupment] doctrine."); *Ackerman v. Nat'l Prop. Analysts, Inc.*, 887 F. Supp. 494, 509-10 (S.D.N.Y. 1992) ("A necessary and important condition to a defendant's right of recoupment is the actual filing of [claims against it].").

---

[1] Capitalized terms used but not defined herein shall have the meaning set forth in Lansuppe's Opposition to the Intervenors' Cross-Motion for Summary Judgment (Dkt. No. 106).

[2] *See* Notice of Voluntary Dismissal, *Oxford Univ. Bank v. Wells Fargo Bank, N.A.*, No. 3:15-cv-00145-DMB-SAA (N.D. Miss. Nov. 25, 2015), ECF No. 11.

1

The Intervenors' cross-claims clearly fail to satisfy these requirements. There are no claims asserted against the Intervenors in this action in response to which they could file defensive recoupment counterclaims. Rather, the Intervenors seek here the same affirmative relief—an order declaring that the Issuer must register under the Investment Company Act and enjoining the Trustee from liquidating the Trust Estate (Dkt. No. 56-2)—they previously sought in their initial suit against the Trustee in the Northern District of Mississippi, which Intervenors now concede was untimely and have voluntarily dismissed. (Dkt. No. 8-5, at 13.)

**B.     The Intervenors' Cross-Claims Are Nevertheless Barred By The Statute of Repose**

Even if the Intervenors could restyle their affirmative cross-claims as recoupment counterclaims at this late stage (which they cannot), the applicable statute of repose extinguished the rights underlying those claims after three years. *See P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 102 (2d Cir. 2004) ("Unlike a statute of limitations, a statute of repose is not a limitation of a plaintiff's remedy, but rather defines the right involved in terms of the time allowed to bring suit."). Statutes of repose bar even recoupment counterclaims. *See Beach*, 523 U.S. at 417 (holding recoupment counterclaim barred by a statute of repose, which "govern[s] the life of the underlying right as well"). The Intervenors do not contest that the three year statute of repose limitations period is applicable. Consequently, the rights underlying any recoupment counterclaims the Intervenors may have had expired years before the start of this action.

## CONCLUSION

For the foregoing reasons as well as those raised in its initial opposition brief (Dkt. No. 106), Lansuppe respectfully submits that the Intervenors' Cross-Motion for Summary Judgment should be denied.

DATED:   New York, New York          Respectfully submitted,
         December 3, 2015

                                      QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP

                                      By: _____/s/ Jonathan Pickhardt_____
                                          Jonathan E. Pickhardt
                                          jonpickhardt@quinnemanuel.com
                                          Andrew S. Corkhill
                                          andrewcorkhill@quinnemanuel.com
                                          Blair A. Adams
                                          blairadams@quinnemanuel.com


                                      51 Madison Avenue, 22nd Floor
                                      New York, New York 10010
                                      (212) 849-7000

                                      *Attorneys for Plaintiff*
                                      *Lansuppe Feeder, LLC*