# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

December 4, 2015

<u>Via ECF and Facsimile</u>

Hon. Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Lansuppe Feeder, LLC v. Wells Fargo Bank, National Association, et ano.*,
              15-cv-7034 (LTS) (KNF)

Dear Judge Swain:

      We represent nominal defendant Soloso CDO 2005-1 Ltd. ("Issuer" or "Soloso") in the above-referenced action. We write to request permission to file a three-page sur-reply to address certain misrepresentations and distortions made by the Intervenors in their Reply Memorandum in Support of Intervenors' Cross-Motion for Summary Judgment (Dkt. No. 118) ("Reply") in support of their arguments that the Issuer is not exempt from registering as an investment company under the ICA pursuant to SEC Rule 3a-7 (the "ABS exemption"). We respectfully submit that such misstatements, raised for the first time on reply, need to be brought to the Court's attention in the event the Intervenors are found to overcome their standing and statute of limitations problems and the Court reaches the merits of their claims.

      *First*, the Intervenors' Reply repeatedly mischaracterizes the Issuer as having the burden to prove that it is exempt from registration, when in fact it is the Intervenors – as the cross-claimants and the cross-movants for summary judgment – who have the burden of proving that "either of the Co-Issuers or the Trust Estate becomes required to register as an 'investment company' under the Investment Company Act." Indenture § 5.1(e).

      *Second*, in contending that the ABS exemption is inapplicable, the Intervenors boldly misquote documents, omit portions of other documents that defeat their arguments, and distort SEC regulations. Specifically:

Hon. Laura Taylor Swain                               2                                  December 4, 2015

- The Intervenors argue the ABS exemption does not apply because the Issuer issued Preferred Shares that allegedly are redeemable at the option of the holder, and as the sole basis for their argument, the Intervenors misrepresent that "Section 9.1 of the Indenture allows 'Holders representing at least 66-2/3%' to choose to redeem those shares." Reply at 9. In fact, however, Section 9.1 concerns only the redemption of *Notes*, not Preferred Shares, and the Intervenors fail to mention specific language in the Soloso Offering Circular for the Preferred Shares that expressly states, "The Preferred Shares are not subject to redemption at the option of the holders thereof" except after certain conditions are met, which SEC guidance has explained makes them *not* "redeemable securities" for purposes of the ICA;

- The Intervenors argue that, for the ABS exemption to apply, Rule 3(a)(7) requires that the Issuer have issued "fixed income securities rated, at the time of the initial sale, in one of the four highest-rated categories…by at least one nationally recognized statistical rating organization" Reply at 9-10. However, the Intervenors misconstrue the requirements of the ABS exemption, which also permits the sale of "[a]ny securities" (*i.e.*, not just investment grade fixed income securities) if such securities are sold to "qualified institutional buyers" (17 C.F.R. 270.3a-7(2)(ii)) – something as to which there has been no discovery and which raises a factual issue that cannot be determined on summary judgment; and

- The Intervenors take regulations that were issued under the Volcker Rule to permit banks to continue to invest in certain types of TruPS CDOs, which has nothing to do with the exemption from registration under the ICA, and distorts such regulations into an alleged statement that TruPS CDOs cannot utilize the ABS exemption (Reply at 10-12) – something that those regulations simply do not address.

Accordingly, the Issuer respectfully requests permission to file a three-page sur-reply addressing the aforementioned misstatements.

                                        Respectfully submitted,


                                         */s/ Randall R. Rainer*
                                        Randall R. Rainer



cc: All Counsel of Record (by ECF and Facsimile)