UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LANSUPPE FEEDER, LLC,

        Plaintiff,

vs.

WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Soloso CDO 2005-1 Ltd.,

        Defendant,

and

SOLOSO CDO 2005-1 LTD.,

        Nominal Defendant,

and

OXFORD UNIVERSITY BANK; CITIZENS BANK & TRUST COMPANY; COASTAL COMMERCE BANK; GUARANTY BANK AND TRUST COMPANY; BANKFIRST FINANCIAL SERVICES as Successor-in-Interest to Newton County Bank; THE FIRST, A NATIONAL BANKING ASSOCIATION; COPIAH BANK, NATIONAL ASSOCIATION; PRIORITYONE BANK; BANK OF MORTON; BANK OF KILMICHAEL; HOLMES COUNTY BANK AND TRUST COMPANY; FIRST COMMERCIAL BANK as Successor-in-Interest to Desoto County Bank; and FIRST STATE BANK,

        Intervenors.

Case No. 1:15-cv-07034 (LTS) (KNF)

---

**SUR-REPLY MEMORANDUM OF LAW OF SOLOSO CDO 2005-1 LTD.
IN OPPOSITION TO INTERVENORS'
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Nominal Defendant Soloso CDO 2005-1 Ltd. ("Issuer" or "Soloso") respectfully submits this sur-reply memorandum of law in opposition to the Intervenors' cross-motion for summary judgment,[1] with the supplemental declaration of Randall R. Rainer ("Rainer Supp. Decl.").

## ARGUMENT

In response to the Issuer's alternative argument that the Issuer may also remain exempt from registration as an investment company within the meaning of the Investment Company Act of 1940 ("ICA") pursuant to Rule 3a-7 thereunder (the "ABS exemption"), the Intervenors misquote documents, omit portions of other documents that defeat their arguments, and distort the relevant regulations and legal standards at issue. *See* Intervenors' Reply Memorandum [Dkt. No. 118] ("Reply") at 8-12.

As a threshold matter, the Intervenors mischaracterize the Issuer as having the burden to prove that the Issuer is exempt from registration. *See, e.g.,* Reply at 8 ("[T]he Issuer has the burden of proving that these exemptions apply and has not done so"). In seeking summary judgment on its cross-claim that the Issuer is "required to be registered as an investment company under the [ICA],"[2] it actually is the *Intervenors'* burden to prove that the exemptions from registration *do not* apply so that the Issuer has "become" required[3] to register. *See Balestriere PLLC v. CMA Trading, Inc.*, 2014 WL 929813, at *12 (S.D.N.Y. Mar. 7, 2014) ("Indeed, in a case in which the movant will bear the burden of proof on its claims—as here—it cannot possibly prevail on summary judgment absent evidence supporting all of the elements of

---

[1] Capitalized terms used but not defined herein shall have the meaning set forth in Soloso's Opposition to the Intervenors' Cross-Motion for Summary Judgment [Dkt. No. 110].

[2] Intervenors' Answer and Cross-Claim [Dkt. No. 56-2] at ¶ 42.

[3] *See* Indenture § 5.1(e) (Event of Default arises if "either of the Co-Issuers or the Trust Estate *becomes required to* register as an 'investment company' under the Investment Company Act") (emph. added).

those claims"). The Intervenors then make three substantive arguments that similarly rely on misstatements and distortions.

*First*, the Intervenors argue the ABS exemption does not apply because the Issuer issued Preferred Shares, which the Intervenors argue are redeemable "at the option of the holder" and therefore impermissible "redeemable securities." Reply at 9. As the sole basis for their argument, the Intervenors misrepresent that "Section 9.1 of the Indenture allows 'Holders representing at least 66-2/3%' to choose to redeem those shares" (*i.e.*, the Preferred Shares). *Id.* In fact, however, Section 9.1 concerns only the redemption of *Notes*, not Preferred Shares, and provides for such redemption "at the option of the *Issuer*." Indenture § 9.1 ("The *Notes* shall be redeemable, in whole but not in part, *at the option of the Issuer*, with the written consent, or at the direction, of Holders representing at least 66-2/3% of the Preferred Shares") (emph. added). Moreover, with respect to the redemption of the Preferred Shares, the Intervenors fail to acknowledge that the Soloso Offering Circular for the Preferred Shares expressly states, "The Preferred Shares are *not* subject to redemption at the option of the holders thereof" except after certain conditions are met. Rainer Supp. Aff., Exh. A at 13 (emph. added). SEC guidance explains such conditions render securities *not* "redeemable securities" for the ICA.[4]

*Second*, the Intervenors argue the ABS exemption requires that the Issuer have issued investment grade fixed income securities rated by a leading rating agency, which the Preferred Shares are not. Reply at 9-10. However, the Intervenors misconstrue the requirements of the ABS exemption, which also permits the Issuer to sell "[a]ny securities" (*i.e.*, not just investment grade rated fixed income securities) if such securities are sold to "qualified institutional buyers." 17 C.F.R. 270.3a-7(2)(ii) ("Any securities may be sold to qualified institutional buyers as

---

[4] *See* Rainer Supp. Aff., Exh. B (Brown & Wood, SEC No-Action Letter, Ref. No. 93-523-CC (Feb. 24, 1994) at 3 (discussing criteria necessary to meet definition of "redeemable securities").

defined in rule 144A under the Securities Act"). Because there is no evidence in the record about the purchasers of the Preferred Shares, much less whether such purchasers meet the definition of a qualified institutional buyer, the Intervenors cannot carry their burden to establish for summary judgment that the Preferred Shares were not sold to qualified institutional buyers.

*Third*, the Intervenors argue the ABS exemption is inapplicable to Soloso because notes issued by CDOs holding TruPs securities are impermissible "ownership interests" in "covered funds" pursuant to certain inter-agency regulations implementing the Volcker Rule. Reply at 10-12. The Intervenors misconstrue the purpose and scope of such regulations, which only determine the types of assets banks can acquire and retain, not what constitutes a violation of the ICA. Also, they only apply to "covered funds," which are defined as funds that are relying on the exceptions contained in ICA §§ 3(c)(1) and 3(c)(7), and the regulators specifically advised holders of TruPs CDOs that a fund may avoid being a "covered fund" if it is able to rely upon another exemption, such as the ABS exemption.[5] However, since Section 171 of the Dodd-Frank Act intended to grandfather bank holdings of certain kinds of TruPs regardless of whether such holdings would violate the Volcker Rule, the regulators issued a blanket exemption for TruPs CDOs investing primarily in "Qualifying TruPs Collateral" and provided the banks with a list of over 80 such issuers. Thus, the inclusion of Soloso on such list did not reflect a finding by the regulators that Soloso does not qualify for another exemption, but rather was intended to spare the banks the burden of having to determine whether any issuer such as Soloso was entitled to rely on a different exemption.[6]

---

[5] *See* Breckinridge Decl., Exh. B (December 19, 2013 FAQ) [Dkt. No. 116] at 2 ("For example, some issuers of asset-backed securities may qualify for exclusion pursuant to Rule 3a-7 under the Act") and Exh. C (Federal Register, vol. 79, no. 21 (Jan. 31, 2014)) at 5224 ("This definition generally includes pooled investment vehicles, such as TruPS CDOs, that use 3(c)(1) or 3(c)(7) but do not qualify for another exclusion").

[6] Breckinridge Decl., Exh. C (January 24, 2014 press release) at 1; Reply at n.6.

**CONCLUSION**

Therefore, to the extent that the Intervenors are found to overcome their standing and statute of limitations problems, and the Court reaches the merits of their claims, the Issuer respectfully submits that the Intervenors' cross-motion for summary judgment should be denied for the foregoing reasons, in addition to those raised in the Issuer's opposition brief [Dkt. No. 110].

Dated: New York, New York
December 10, 2015

Respectfully submitted,

WOLLMUTH MAHER & DEUTSCH LLP

By: _/s/ Randall R. Rainer_
  Randall R. Rainer, Esq. (RR 6308)
  Christopher J. Lucht (CL 9162)

500 Fifth Avenue
New York, New York 10110
Telephone (212) 382-3300
Facsimile (212) 382-0050
rrainer@wmd-law.com

*Attorneys for Soloso CDO 2005-1 Ltd.*