

201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
504-582-8000
Fax 504-582-8583
www.joneswalker.com

Robert B. Bieck, Jr.
Admitted in Louisiana, Texas, and the District of Columbia
Direct Dial: 504-582-8202
Direct Fax: 504-589-8202
rbieck@joneswalker.com

December 17, 2015

**By ECF**

Hon. Laura Taylor Swain
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007



Re:   *Lansuppe Feeder, LLC v. Wells Fargo Bank, National Association, et al.*,
      Case No. 1:15-cv-07034 (LTS) (KNF)

Dear Judge Swain:

We write on behalf of the intervenors/cross-claimants Oxford University Bank, *et al.*, (the "Intervenors")[1] in the referenced matter, and request this Court's leave to file a sur-surreply addressing the arguments raised by Plaintiff Lansuppe Feeder, LLC ("Lansuppe") and Soloso CDO 2005-1 LTD ("Soloso"), not to exceed five pages. In the alternative, the Intervenors ask the Court to reconsider its decision to deny oral argument on the Intervenors' motion for summary judgment.

As an initial matter, we sought consent by e-mail from the parties' counsel for the filing of a letter requesting leave to file and containing the same substantive information set-out below. The Trustee took no position; the other parties do not consent.

---

[1] The Intervenors are Oxford University Bank, Citizens Bank & Trust Company of Marks; Coastal Commerce Bank; Guaranty Bank and Trust Company; BankFirst Financial Services as Successor-in- Interest to Newton County Bank; The First, A National Banking Association; Copiah Bank, N.A.; PriorityOne Bank, Bank of Morton, Bank of Kilmichael, Holmes County Bank and Trust Company, First Commercial Bank, First State Bank, Holmes County Bank and Trust Company.

{N3141209.2}

Hon. Laura Taylor Swain
December 17, 2015
Page 2

The Intervenors recognize that at some point, the briefing on their motion must end. But it smacks of unfairness for Lansuppe and Soloso to have the last word on the Intervenors' motion, particularly when their surreplies rely on new cases.

Soloso cites *Balestriere PLLC v. CMA Trading, Inc.*, 2014 WL 929813, at *12 (S.D.N.Y. Mar. 7, 2014), for the first time in its surreply in support of its argument that the Intervenors bear the burden of proving Soloso was not exempt from registration. In *Balestriere*, the plaintiffs sought summary judgment on their common law fraud claims, and the Court held that they had not met their summary judgment burden.

The difference between *Balestriere* and this case is that in *Balestriere*, the plaintiff bore the ultimate burden of proof at trial. In contrast, here the law is well-established that "[t]he burden of proving the applicability of an exemption from the registration requirement rests with the issuer." *Butler v. Phlo Corp.*, 2001 WL 863426 (S.D.N.Y. July 31, 2001). Accordingly, the summary judgment burden differs: "Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff 'may satisfy its Rule 56 burden by showing 'that there is an absence of evidence to support [an essential element of] the [non-moving party's] case.''" *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *DiCola v. SwissRe Holding (North America), Inc.*, 996 F.2d 30 (2d Cir. 1993)).

Lansuppe's surreply attempts to obscure the nature of the Intervenors' motion for summary judgment. Lansuppe ignores the Intervenors' argument that their affirmative defense under Section 47 prohibits a waterfall distribution and pretends as though the Intervenors' only ground for summary judgment is their affirmative claim. It contends that the Intervenors' claims are not "defensive in nature" and therefore cannot be recoupment claims. What Lansuppe fails to point out is that the Intervenors were allowed to intervene as *defendants* in this action and in fact filed answers (and affirmative defenses) to Lansuppe's complaint. This is because the relief Lansuppe seeks is more harmful to the Intervenors than to any other party, and the Intervenors have a right to defend against that relief.

Lansuppe relies on *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998), for the proposition that a statute of repose bars a recoupment counterclaim. But the case is much more narrowly tailored. In *Beach*, the Court looked to the specific statutory language of the Truth-in-Lending Act, which directly addressed recoupment counterclaims for rescission. The rescission provision of the Investment Company Act contains no such similar language. *Beach* turned on the language of the statute at issue, and it does not bar the Intervenors' counterclaims.

In the alternative to additional briefing, the Intervenors re-urge the Court to hear oral argument so that the Intervenors may respond more fully to the additional authorities and arguments raised in the surreplies.

We thank this honorable court for its courtesy and consideration.

{N3141209.2}

Hon. Laura Taylor Swain
December 17, 2015
Page 3

Respectfully,

Robert B. Bieck, Jr.

RBBJR/SRR
Enclosures

cc: All counsel of record via ECF

Permission to file the described sur-surreply is granted. The brief must be filed by December 30, 2015.

There will be no further submissions in connection with this Motion practice.

**SO ORDERED:**

12/22/15

HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

{N3141209.2}