UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANSUPPE FEEDER, LLC<br><br>               Plaintiff,<br><br>  vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Soloso CDO 2005-1 LTD.<br><br>               Defendant,<br><br>  and<br><br>SOLOSO CDO 2005-1 LTD.,<br><br>               Nominal Defendant,<br><br>  and<br><br>OXFORD UNIVERSITY BANK; CITIZENS BANK & TRUST COMPANY; COASTAL COMMERCE BANK; GUARANTY BANK AND TRUST COMPANY; BANKFIRST FINANCIAL SERVICES as Successor-in-Interest to Newton County Bank; THE FIRST, A NATIONAL BANKING ASSOCIATION; COPIAH BANK, NATIONAL ASSOCIATION; PRIORITYONE BANK; BANK OF MORTON; BANK OF KILMICHAEL; HOLMES COUNTY BANK AND TRUST COMPANY; FIRST COMMERCIAL BANK as Successor-in-Interest to Desoto County Bank; and FIRST STATE BANK.<br><br>               Intervenors. | Case No. 1:15-cv-07034 (LTS) |

**SUR-SURREPLY MEMORANDUM IN SUPPORT OF THE INTERVENORS'
CROSS-MOTION FOR SUMMARY JUDGMENT**

{N3146967.1}

Intervening Defendants, Oxford University Bank; Citizens Bank & Trust Company; Coastal Commerce Bank; Guaranty Bank and Trust Company; BankFirst Financial Services as Successor-in-Interest to Newton County Bank; The First, A National Banking Association; Copiah Bank, National Association; PriorityOne Bank; Bank of Morton; Bank of Kilmichael; Holmes County Bank and Trust Company; First Commercial Bank as Successor-in-Interest to Desoto County Bank; and First State Bank (the "Intervenors"), through undersigned counsel, Jones Walker LLP and Mavronicolas & Dee LLP, submit this sur-surreply memorandum in support of their cross-motion for summary judgment.

## I.  ARGUMENT

**A.  The Burden is on Soloso, Not the Intervenors, to Prove Exemption from the ICA, and Soloso Has Not Met Its Burden.**

In 1953, the Supreme Court held, "Keeping in mind the broadly remedial purposes of federal securities legislation, imposition of the burden of proof on an issuer who would plead the exemption seems to us fair and reasonable."  *Sec. & Exch. Comm'n v. Ralston Purina Co.*, 346 U.S. 119, 126 (1953).  The law on this point has not changed since 1953, and it applies to all exemptions from registration under the securities laws.  *See Butler v. Phlo Corp.*, 2001 WL 863426 (S.D.N.Y. July 31, 2001); *Byrnes v. Faulkner, Dawkins & Sullivan*, 550 F.2d 1303, 1311 (2d Cir. 1977); *Gilligan, Will & Co. v. Sec. & Exch. Comm'n*, 267 F.2d 461, 466 (2d Cir. 1959); *see also Sec. & Exch. Comm'n v. Midland Basic, Inc.*, 283 F. Supp. 609, 615 (D.S.D. 1968) (holding that the *Ralston Purina* applies to exemptions under the ICA).

Nonetheless, Soloso premises its entire surreply on the false assertion that the Intervenors bear the burden of proving that Soloso was not exempt from registration under the Investment Company Act.  It does so by citing *Balestriere PLLC v. CMA Trading, Inc.*, 2014 WL 929813, at *12 (S.D.N.Y. Mar. 7, 2014) to argue that "it is actually the *Intervenors'* burden to prove that the

exemptions from registration *do not* apply so that the Issuer has 'become' required to register." (Docket 125, p. 2).

*Balestriere* is a case in which a law firm sued two former clients for common law fraud. *Id.* at *2. In considering the law firm's motion for summary judgment, the court observed that "when the non-moving party has the burden of proof on a specific issue, the movant may satisfy its initial burden by demonstrating the absence of evidence in support of an essential element of the non-moving party's claim." *Id.* at *6. However, because the law firm bore the burden of proof on its fraud claims, the court held that "it cannot possibly prevail on summary judgment absent evidence supporting all of the elements of those claims." *Id.* at *12.

In other words, Soloso cites *Balestriere* for the unremarkable proposition that where the summary judgment movant bears the ultimate burden of proof at trial, it must come forward with admissible evidence on its claims. But this proposition is irrelevant here unless the Intervenors bear the ultimate burden at trial of proving Soloso was not exempt. And Soloso fails to cite *any* law holding as much. It cites no law because it cannot; there is no such law. The cases establish that this burden falls on Soloso, and therefore, so does the summary judgment burden. *See Washington v. Kellwood Co.*, 2015 WL 6437456, at *9 (S.D.N.Y. Oct. 14, 2015) ("where, as here, 'a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support an essential element of the non-moving party's case.'").

Soloso recognizes that the proof in the record does not support its opposition to summary judgment. At page 3 of its surreply, Soloso admits that that "there is no evidence in the record about the purchasers of the Preferred Shares, much less whether such purchasers meet the

definition of a qualified institutional buyer…" (Docket 125, p. 3).  Keeping in mind the *actual* burden of proof, the Court should find that Soloso has failed to come forward with competent evidence demonstrating that it is exempt from registration under the Investment Company Act.

Given that Soloso essentially admits it has not met its summary judgment burden, its attacks on the Volcker Rule are largely beside the point.  Nonetheless, it is worth noting the regulations implementing the Volcker Rule demonstrate a further reason why Soloso cannot meet its burden of proof by relying on the Asset-Backed Security ("ABS") exemption of the ICA.  As discussed in the Intervenors' reply brief (Docket 118, pp. 10-12), these regulations establish that the typical CDO of TruPs cannot meet the criteria for the ABS exemption from the ICA.  Soloso dismisses these regulations as relevant only to banking, "not what constitutes a violation of the ICA."  (Docket 125, p. 3).  What Soloso fails to acknowledge is that these regulations were propagated by the Securities and Exchange Commission—the agency tasked with enforcing the Investment Company Act.  Soloso cannot swat away these pronouncements as relevant only to banking when they were made by its primary regulator.

B.     **The Intervenors Are Entitled to Summary Judgment on Their Affirmative Defense, Regardless of Lansuppe's Attacks on Their Cross-Claims.**

Lansuppe's surreply ignores the Intervenors' primary argument:  regardless of whether the Intervenors are entitled to rescission under Section 47(b)(2) of the Investment Company Act, the Court cannot grant Lansuppe's requested relief without enforcing an invalid contract in violation of Section 47(b)(1).  15 U.S.C. § 80a-46.  This is an affirmative defense separate and apart from the Intervenors' rescission claims and the Intervenors raised this affirmative defense in their Answer to Lansuppe's complaint.  Lansuppe's limitations argument has no applicability to this defense.  *See U.S. v. Western Pac. R. Co.*, 352 U.S. 59, 72-73 (1956) (holding that statute of limitations did not bar an affirmative defense because "To use the statute of limitations to cut

off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation.")

Instead, Lansuppe seizes on the Intervenors' alternative argument that its rescission claims should be considered recoupment claims, which are also not subject to statutes of limitation. Lansuppe argues that these claims are not recoupment claims because they are not defensive. What Lansuppe fails to point out is that the Intervenors were allowed to intervene as *defendants* in this action and in fact filed answers (and affirmative defenses) to Lansuppe's complaint. This is because the relief Lansuppe seeks is more harmful to the Intervenors than to any other party, and the Intervenors have a right to defend against that relief.

Lansuppe relies on *Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998), to argue that a statute of repose bars rescission claims raised as recoupment defenses. *Beach*'s holding, however, is not so broad. In *Beach*, the Supreme Court considered whether mortgagors can raise the right to rescind under the Truth-in-Lending-Act ("TILA") as a recoupment defense to a foreclosure action. *Id.* at 411-12. TILA contains specific language providing that "the borrower's right of rescission 'shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first' . . . ." *Id.* at 413 (quoting 15 U.S.C. § 1635(f)). Accordingly, the Court held that TILA's time limitation bars the right to rescission whether raised as a defense or as an affirmative claim. The case turned on the specific language used in the statute.

In contrast, here the Investment Company Act contains no statute of limitations at all. Instead, courts have borrowed from the 1933 and 1934 Securities Act to apply a one year/three year statute of limitations and repose. *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1038 (2d Cir. 1992). But the Securities Acts do not speak in terms of a "right expir[ing]," as

does TILA.  Instead, they prohibit "an action" to "enforce liability."  *See* 15 U.S.C. § 77m. *Beach* turned on the language used in TILA.  That same language is not present in the Investment Company Act, or any of the other securities laws.

## II.  CONCLUSION

For the foregoing reasons and the reasons in the Intervenors' Cross-Motion for Summary Judgment, the Intervenors respectfully request that the Court rule that the Issuer is required to register as an investment company under the ICA and that its failure to do so renders the Indenture void and unenforceable under Section 47(b)(1) of the ICA.

Respectfully submitted,

*/s/ Peter C. Dee*
Peter C. Dee
Gregori D. Mavronicolas
MAVRONICOLAS & DEE LLP
415 Madison Avenue, 18th Floor
New York, New York  10017
Telephone:  (646) 770-1256
Facsimile:  (866) 774-9005
pdee@mavrolaw.com
gmavronicolas@mavrolaw.com

*and*

Robert B. Bieck, Jr. (*Pro Hac Vice*)
Alexander N. Breckinridge, V (*Pro Hac Vice*)
JONES WALKER LLP
201 St. Charles Avenue, Suite 4900
New Orleans, Louisiana  70170
Telephone:  (504) 582-8202
Facsimile:  (504) 589-8202
rbieck@joneswalker.com
abreckinridge@joneswalker.com

Kaytie M. Pickett (*Pro Hac Vice*)
JONES WALKER LLP
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, Mississippi  39205-0427
Telephone:  (601) 949-4900
Telecopy:  (601) 949-4804
kpickett@joneswalker.com

*Attorneys for Intervenors Oxford University Bank; Citizens Bank & Trust Company; Coastal Commerce Bank; Guaranty Bank and Trust Company; BankFirst Financial Services as Successor-in-Interest to Newton County Bank; The First, A National Banking Association; Copiah Bank, National Association; PriorityOne Bank; Bank of Morton; Bank of Kilmichael; Holmes County Bank and Trust Company; First Commercial Bank as Successor-in-Interest to Desoto County Bank; and First State Bank*

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 29th day of December, 2015, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

*/s/ Peter C. Dee*
Peter C. Dee